# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

DR. CARLA CAMPBELL-JACKSON,                 )
                                                )

              Plaintiff,                     )       Case No. 21-cv-01044
                                                )

      v.                                   )       HON. HALA Y. JARBOU
                                                )

                                                )
STATE FARM MUTUAL AUTOMOBILE         )
INSURANCE COMPANY                           )
                                                )
              Defendant.                   )

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## RULE 12(b)(6) MOTION TO DISMISS

---

Plaintiff, Dr. Carla Campbell-Jackson ("Plaintiff"), by and through her attorneys, Hart McLaughlin & Eldridge, LLC and Ben Crump Law, opposes the Motion to Dismiss Plaintiff's Complaint ("Complaint") filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). This Honorable Court should deny Defendant's Motion to Dismiss Counts I and II as said Counts properly states a claim upon which relief can be granted.

In opposition to the Motion, Dr. Campbell-Jackson relies on the authority set forth in the attached brief in opposition. Plaintiff has stated a claim upon which relief can be granted and Defendant's Motion to Dismiss shall be denied for the following reasons:

Plaintiff's claims under Title VII are not barred by the doctrine of laches. Further, Plaintiff has exhausted her administrative remedies for the Title VII claims of racial discrimination and harassment. As such, dismissal under Fed. R. Civ. P. 12(b)(6) is not warranted.

WHEREFORE, Plaintiff Dr. Carla Campbell-Jackson respectfully requests this Honorable Court to deny Defendant State Farm's Motion to Dismiss Plaintiff's Complaint.

Dated: March 18, 2022                    Respectfully submitted,

                                         /s/ Robert J. McLaughlin, Esq.
                                         *One of Attorneys for Plaintiff*


Robert J. McLaughlin, Esq.
Steven A. Hart, Esq.
Carter D. Grant, Esq.
Y'Noka Y. Bass, Esq.
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel:     (312) 955-0545
Fax:     (312) 971-9243
FIRM ID: 59648
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com


Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DR. CARLA CAMPBELL-JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-01044 |
| | ) | |
| v. | ) | HON. HALA Y. JARBOU |
| | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

---

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
## RULE 12(b)(6) MOTION TO DISMISS

---

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

I.    INTRODUCTION ............................................................................................. 1

II.   STATEMENT OF FACTS ................................................................................ 2

III.  LEGAL STANDARD ...................................................................................... 4

IV.   ARGUMENT .................................................................................................... 5

    A.  Plaintiff Has Exhausted Administrative Remedies For
       The Title VII Claims for Racial Discrimination and Harassment.................. 5

    B.  Plaintiff's Claims Under Title VII Are Not Barred
       by the Doctrine of Laches........................................................................... 6

        1.  Plaintiff was diligent throughout the EEOC
           investigation, timely filed her suit, and did not
           cause any unreasonable or inexcusable delay.................................... 7

        2.  State Farm was not materially prejudiced in
           defending this action ........................................................................ 12

    C.  Defendant misconstrues Plaintiff's reference to § 1981 ................................ 14

    D.  Plaintiff's ELCRA Claims ............................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................4

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016).........................................4

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516 (6th Cir. 2008) ...............................9

*Cameron v. Seitz*, 38 F.3d 264 (6th Cir. 1994) ...............................................4, 7

*Cannon v. Univ. of Health Scis./The Chicago Med. Sch.*, 710 F.2d 351 (7th Cir. 1983) ..............8

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542 (6th Cir. 2012)...................................9

*Cleveland Newspaper Guild, Loc. 1 v. Plain Dealer Pub. Co.*, 839 F.2d 1147 (6th Cir. 1988) .... 6, 8

*Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460 (6th Cir. 1998) ...............6

*Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)...........................................4

*E.E.O.C v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir. 1978) ........................... 8, 9

*E.E.O.C v, K-Mart Corp.*, 694 F.2d 1055 (6th Cir. 1982) ...................................7

*E.E.O.C. v. Alioto Fish Co.*, 623 F.2d 86 (9th Cir. 1980) .................................. 8, 9

*E.E.O.C. v. American National Bank*, 574 F.2d 1173 (4th Cir. 1978) .................12

*E.E.O.C. v. Autozone, Inc*, 258 F.Supp.2d 822 (W.D.Tenn.2003) .......................12

*E.E.O.C. v. Dresser Indus., Inc.*, 668 F.2d 1199 (11th Cir. 1982) ..................... 8, 9

*E.E.O.C. v. Jacksonville Shipyards*, 690 F. Supp. 995 (M.D. Fla. 1988) ...........11, 12, 13

*E.E.O.C. v. Massey-Ferguson, Inc.*, 622 F.2d 271 (7th Cir. 1980)....................9, 12

*E.E.O.C. v. Overnite Transp. Co.*, No. 2:02CV591, 2006 WL 2594479 (S.D. Ohio July 5, 2006) ..........12

*E.E.O.C. v. Star Tool & Die Works, Inc.*, 699 F. Supp. 120 (E.D. Mich. 1987) ..................9, 10

*E.E.O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436 (6th Cir. 2006)..............7, 10, 13

*E.E.O.C. v. Worthington, Moore & Jacobs, Inc.*,  582 F. Supp. 2d 731 (D. Md. 2008) ...............12

*Finnerty v. Wireless Retail, Inc.*, 624 F. Supp. 2d 642 (E.D. Mich. 2009) ................8

*Fowler v. Blue Bell, Inc.* 596 F.2d 1276 (5th Cir. 1979) ...............................7, 10, 11

*Gardner v. Panama Railroad*, 342 U.S. 29 (1951) .......................................6, 7

*Gifford v. Atchison, Topeka & Santa Fe Ry. Co.*, 685 F.2d 1149 (9th Cir. 1982) ...............6, 7, 9

*Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800 (8th Cir. 1979) ...................7

*Howard v. Roadway Express, Inc.*, 726 F.2d 1529 (11th Cir. 1984) ...................12, 13

*In re Beaty*, 306 F.3d 914 (9th Cir. 2002)............................................................12

*Jabbar-El v. Sullivan*, 811 F. Supp. 265 (E.D. Mich. 1992) .................................6

*Jeffries v. Chicago Transit Auth.*, 770 F.2d 676 (7th Cir. 1985)......................... 8, 10

*LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097 (6th Cir. 1995) ...............9

*Lynn v. Western Gillette, Inc*, 564 F.2d 1282 (9th Cir. 1977)...............................9

*McGlone v. Bell*, 681 F.3d 718 (6th Cir. 2012)....................................................4

*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) ...................................................6

*Meyers v. Asics Corp.*, 974 F.2d 1304 (Fed. Cir. 1992).........................................12

*Miller v. Currie*, 50 F.3d 373 (6th Cir. 1995) .................................................4, 7

*Morgan v. Church's Fried Chicken*, 829 F.2d 10 (6th Cir. 1987) ..........................9

*Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355 (1977)......................................11

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S.663 (2014)...............................6

*Reid v. Baker*, 499 F. App'x 520 (6th Cir. 2012)...................................................9

*Russell v. Todd*, 309 U.S. 280 (1940) ...............................................................7

*Southern Pacific Co. v. Bogert*, 250 U.S. 483 (1919) ...........................................7

*U.S. v. Weintraub*, 613 F.2d 612 (6th Cir. 1979) .................................................7

*United States v. Mack*, 295 U.S. 480 (1935)..................................................................................6

*Wells v. U.S. Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244 (6th Cir. 1991) ......................8

*Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359 (6th Cir. 2010)..........................................................6

**Statutes**

42 U.S.C § 1981a(a)(1).......................................................................................................................14

42 U.S.C. § 2000e-5(e)..........................................................................................................................5

42 U.S.C. § 2000e-5(f)(1).......................................................................................................................5

# I.    INTRODUCTION

State Farm's request that this Court engage in fact finding at the pleading stage such that Dr. Campbell-Jackson's civil rights claims are dismissed as a matter of law based upon purported technicalities and a misapplication of the doctrine of laches is entirely inappropriate and should be rejected.

After a distinguished 28-year career with State Farm, Dr. Campbell-Jackson was retaliated against and eventually terminated because she complained about State Farm's rampant culture of racism and discrimination. Approximately two-weeks after being terminated, Dr. Campbell-Jackson filed a charge of discrimination that explicitly alleged discrimination based on race and retaliation. After an extensive and thorough investigation in which Dr. Campbell-Jackson was an active participant, the E.E.O.C. made a determination that Dr. Campbell-Jackson, "was harassed due to her race and discharged in retaliation for complaining about harassment." Shortly thereafter, Dr. Campbell-Jackson received notice from the E.E.O.C. that reconciliation efforts had failed. She then received a "Right to Sue" letter on September 16, 2021 that allowed her 90-days to file a private right of action which she timely filed on December 9, 2021 – satisfying the pertinent statutory requirements.

State Farm argues that Dr. Campbell Jackson failed to exhaust her administrative remedies. This is false. Dr. Campbell Jackson timely filed a charge of discrimination that explicitly placed State Farm on notice of the claims set forth in her Complaint. Additionally, Dr. Campbell-Jackson's claims are not barred by the doctrine of laches as Dr. Campbell-Jackson was diligent throughout the E.E.O.C.'s investigation, the E.E.O.C. timely provided notice of Dr. Campbell Jackson's Charge to State Farm which State Farm acknowledged, there was no unreasonable and inexcusable delay, and as such, State Farm was not materially prejudiced. Finally, State Farm's claim that Dr. Campbell-Jackson's "§ 1981 claims are time-barred" demonstrates a fundamental misunderstanding of Dr. Campbell-

Jackson's claims as she has not filed a § 1981 claim, but rather, properly cited to § 1981 as a measure of damages pursuant to statute.

Defendant's Motion to Dismiss Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6) should be denied. [1]

## II.    STATEMENT OF FACTS

Dr. Campbell-Jackson – an African American woman – had an accomplished 28-year career with State Farm. (ECF #1 ¶¶ 23-36, PageID.7-8). Prior to and around September 2014, Dr. Campbell-Jackson complained to State Farm's Human Resources Department and her manager that State Farm was allowing racism to persist throughout the company, including as it related to State Farm's Special Investigative Unit ("SIU") which served to train and condition SIU employees to stereotype customers based on race, neighborhood, income, and agent affiliation to identify customers who were "likely to engage in fraud." (ECF #1 ¶¶ 37-48, PageID.9-12). Then in April 2016, Dr. Campbell-Jackson and other minority employees received a racist letter at their home and work addresses with statements including: "Hispanish are lazy and cannot speak English well," "Blacks are uneducated (maybe one or two exceptions)," and "Muslims are at the bottom of the barrel with Hispanish," among other blatantly racist statements. (ECF #1 ¶ 48, PageID.10-12). Shortly after receiving this letter, Dr. Campbell-Jackson again raised concerns about State Farm's rampant culture of racism. (ECF #1 ¶ 52, PageID.12-13). In response, on May 9, 2016, Dr. Campbell-Jackson was terminated in retaliation for her complaints about State Farm's racist culture, hostile work environment, and the discriminatory treatment of minority customers. (ECF #1 ¶¶ 53-57, PageID.13). She was offered approximately $175,000.00 in severance on the condition that she agree never to speak about her experiences at State Farm which she refused. (ECF #1 ¶ 6, PageID.3).

---

[1] Defendant's arguments regarding Counts III and IV ( Plaintiff's ELCRA claims) are well taken.

Nine days later, on May 18, 2016, Dr. Campbell-Jackson filed a charge with the E.E.O.C. and the Michigan Department of Civil Rights specifically identifying the discrimination she experienced as being based on "race" and "retaliation." (ECF #4-2, PageID.62). In fact, the narrative section of Dr. Campbell-Jackson's Charge explicitly states, "I believe I, and others, have been harassed because of our race, African American, and I was discharged due to my opposition of what I believed to be unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended." (ECF #4-2, PageID.62). Less than one month later, on June 13, 2016, State Farm filed its Position Statement in response to Dr. Campbell-Jackson's Charge in which State Farm denied all material allegations but acknowledged it was on notice of her claims. (ECF #4-4, PageID.67-70). The E.E.O.C. then conducted an intensive and thorough investigation into Dr. Campbell-Jackson's claims in which Dr. Campbell-Jackson remained engaged and active. For example, in 2017, the E.E.O.C. issued numerous document requests that ultimately resulted in the production of nearly 30,000 documents from State Farm. (ECF #4, PageID.43).  In 2018, the E.E.O.C. interviewed five witnesses. (ECF #4, PageID.43). As discovery will show, Dr. Campbell-Jackson remained in constant contact with the E.E.O.C. throughout the investigation beginning in 2016 and through its ultimate conclusion in 2021, including multiple instances in which  E.E.O.C. investigators specifically assured Dr. Campbell-Jackson that she did need not to worry about her deadline to file a private right of action until she received her Notice of Right to Sue.

On February 2, 2021, the E.E.O.C. issued a determination that Dr. Campbell-Jackson "was harassed due to her race and discharged in retaliation for complaining about harassment." (E.E.O.C. Determination Letter, Exhibit 1). On June 11, 2021, State Farm notified Dr. Campbell-Jackson that its conciliation efforts with State Farm had failed. (E.E.O.C. Conciliation Letter, Exhibit 2). On September 16, 2021, the E.E.O.C. issued Dr. Campbell-Jackson a Notice of Right to Sue. (ECF # 4-

5, PageID.72).[2] On December 9, 2021, Dr. Campbell-Jackson timely filed the subject lawsuit. (ECF #1, PageID.1-26).

This timeline is undisputed, and when construing these facts in Dr. Campbell-Jackson's favor, Counts I and II clearly state a viable claim that State Farm was timely placed on notice of.

## III.    LEGAL STANDARD

A motion to dismiss for failure to state a claim is disfavored, especially when one's civil rights are at stake. *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012).

When analyzing a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Because a motion to dismiss rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). Rather, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

---

[2] For the reasons set forth by State Farm, this Court may consider the attached exhibits. (ECF #4, fn 3, PageID.4)

# IV.    ARGUMENT

## A. Plaintiff Has Exhausted Administrative Remedies For The Title VII Claims for Racial Discrimination and Harassment.

To exhaust administrative remedies, a plaintiff must file an E.E.O.C. charge within 180 days of the alleged unlawful employment practice, or if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *42 U.S.C. § 2000e-5(e)*. Once the E.E.O.C. process comes to a conclusion and issues a Right to Sue letter, the plaintiff has 90-days to file a civil action. *42 U.S.C. § 2000e-5(f)(1)*.

Defendant's contention that "[t]here is no suggestion that [Dr. Campbell-Jackson] raised claims of her employer's racial discrimination or harassment leading to the termination of her employment" is – put simply – false. Dr. Campbell-Jackson filed her charge with the E.E.O.C. on May 18, 2016 and specifically identified the types of discrimination she suffered by checking the appropriate boxes of "race" and "retaliation" based discrimination. (ECF #4-2, PageID.62). Moreover, when providing particulars regarding the discrimination she experienced, Dr. Campbell-Jackson explicitly stated in her Charge that:

> "I believe I, and others, have been harassed because of our race, African American, and I was discharged due to my opposition of what I believed to be unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended." (ECF #4-2, PageID.62)

Given this explicit language, the E.E.O.C. investigated these allegations and determined they were properly asserted as part of Dr. Campbell-Jackson's Charge. The EEOC unambiguously found Dr. Campbell-Jackson's allegations included racial discrimination and harassment:

> "[Dr. Campbell-Jackson] alleged that she was discriminated against on the bases of her race (African-American) and retaliation in violation of Title VII by being harassed and by being discharged." (Ex. 1, at p. 2).

Moreover, even if this Court were to find that Dr. Campbell-Jackson's E.E.O.C. Charge did not explicitly raise these claims (which it did), the Sixth Circuit has consistently held "when facts related

with respect to the charged claim would prompt the E.E.O.C. to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)). Here, in response to Dr. Campbell-Jackson's Charge (which was explicitly for race based retaliation and termination), and after the E.E.O.C.'s thorough investigation, the E.E.O.C. concluded:

> "[t]he evidence supports a violation for these Title VII allegations that the Charging party was harassed due to her race and discharged in retaliation for complaining about harassment. Like and related and growing out of the investigation, the evidence supports a reasonable cause finding for a class of ten individuals who were also subjected to harassment based on their race (African-American) and/or religion (Muslim) after [State Farm] failed to take prompt and appropriate action after it learned about the April 25, 2016 letter, thereby fostering a hostile work environment from April 25, 2016 through the day the Portage location closed."(Ex. 1, at p. 2).

As such, State Farm's contention that Plaintiff's E.E.O.C. Charge failed to raise racial discrimination and related retaliation claims is belied by the plain language of Plaintiff's Charge and the E.E.O.C.'s findings. Therefore, Dr. Campbell-Jackson has exhausted her administrative remedies for her racial discrimination and harassment Title VII claims, and State Farm's motion must be denied.

## B. Plaintiff's Claims Under Title VII Are Not Barred by the Doctrine of Laches

The Supreme Court has continuously "cautioned against invoking laches to bar legal relief." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S.663, 678 (2014); *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 396 (1946); *Merck & Co. v. Reynolds*, 559 U.S. 633, 652 (2010); *United States v. Mack*, 295 U.S. 480, 489 (1935). Although the doctrine of laches has been applied to Title VII proceedings, courts understand the reluctance in "dismissing cases based on delay attributable at least in part to the EEOC." *Cleveland Newspaper Guild, Loc. 1 v. Plain Dealer Pub. Co.*, 839 F.2d 1147 (6th Cir. 1988). "Ordinarily, if the EEOC retains control over a charge, a private plaintiff will not be charged with its mistakes." *Gifford v. Atchison, Topeka & Santa Fe Ry. Co.*, 685 F.2d 1149, 1152 (9th Cir. 1982).

To establish a laches defense, the defendant must show that the plaintiff was guilty of unreasonable delay prejudicial to the defendant. *Jabbar-El v. Sullivan*, 811 F. Supp. 265, 271 (E.D. Mich. 1992); *Gardner v. Panama Railroad*, 342 U.S. 29, 31 (1951); *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 809 (8th Cir. 1979), *cert. denied*, 446 U.S. 913 (1980). The inquiry is two-fold: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *E.E.O.C. v, K-Mart Corp.*, 694 F.2d 1055 (6th Cir. 1982) (quoting *U.S. v. Weintraub*, 613 F.2d 612 (6th Cir. 1979), *cert. denied*, 447 U.S. 905 (1980)). The doctrine of laches is an affirmative defense and "the burden of establishing this affirmative defense is on the party raising the defense." *Finnerty v. Wireless Retail, Inc.*, 624 F. Supp. 2d 642, 665 (E.D. Mich. 2009) (citing *EEOC v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 439 (6th Cir. 2006)). "Laches is an equitable doctrine and its application depends on the **facts** of the particular case." *Gifford,* 685 F.2d at 1152 (emphasis added).

State Farm acknowledges that "laches is generally a factual defense," (ECF #4, PageID.50), which of course, is inappropriate at the pleading stage. *Miller*, 50 F.3d, at 377 (citing *Cameron,* 38 F.3d, at 270). Here, State Farm has improperly raised an affirmative defense as the basis for its responsive pleading which necessitates a factual inquiry, and for which, State Farm has not – and cannot – satisfy its burden in establishing that Dr. Carla-Jackson was not diligent in pursuing her claim, and that State Farm was materially prejudiced due to unreasonable and inexcusable delay.

### 1. Plaintiff was diligent throughout the EEOC investigation, timely filed her suit, and did not cause any unreasonable or inexcusable delay.

For the application of the doctrine of laches to bar a lawsuit, the plaintiff must be guilty of unreasonable *and* inexcusable delay that has resulted in prejudice to the defendant. *Goodman*, 606 F.2d, at 804 (citing *Gardner*, 342 U.S., at 31; *Russell v. Todd*, 309 U.S. 280, 287 (1940); *Southern Pacific Co. v. Bogert*, 250 U.S. 483, 490 (1919)). For E.E.O.C. claims such as these, the pertinent delay is "the time that elapsed between the end of the E.E.O.C.'s conciliation efforts … and the filing of the suit." *E.E.O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 439 (6th Cir. 2006). But even in such instances, the

legislatively and judicially favored method of resolving Title VII claims is through the E.E.O.C. administrative process. *Fowler v. Blue Bell, Inc.* 596 F.2d 1276, 1279 (5th Cir. 1979) (holding that the claimant should not be penalized for awaiting the end of the E.E.O.C. administrative process). Here, Dr. Campbell-Jackson filed her E.E.O.C. Charge on May 18, 2016, and the E.E.O.C. clearly provided timely notice of Dr. Campbell-Jackson's Charge as State Farm responded within one month on June 13, 2016. The EEOC conducted a thorough investigation in which Dr. Campbell-Jackson was actively involved which resulted in a finding in Dr. Campbell-Jackson's favor recommending not merely compensatory damages but punitive damages and sensitivity training for State Farm employees]. Specifically, the E.E.O.C. found that:

> "[Dr. Campbell-Jackson] complained of harassment based on her race on April 16, 2016 after receiving a letter on April 25, 2016 which contained offensive language regarding her race [as well regarding Hispanics and Muslims]. The Respondent failed to take prompt and appropriate action regarding this harassment. [Dr. Campbell-Jackson] alleged that she was discharged on May 9, 2016 in retaliation for having complained about the harassment. The evidence supports a violation of these Title VII allegations that [Dr. Campbell-Jackson] was harassed due to her race and discharged in retaliation for complaining about harassment. Like and related and growing out of the investigation, the evidence supports a reasonable cause finding for a class of ten individuals who were all subjected to harassment based on their race (African-American) and/or religion (Muslim) after [State Farm] failed to rake prompt and appropriate action after it learned about the April 25, 2016 through the day the Portage location closed." (Ex. 1, at p. 2).

Reconciliation failed on June 11, 2021; Dr. Campbell-Jackson received the right the Right to Sue letter from the E.E.O.C. on September 16, 2021; and Dr. Campbell-Jackson timely filed this lawsuit on December 9, 2021 – satisfying the pertinent 90-day statutory requirement – and less than six-months after conciliation efforts failed. (Ex. 2; ECF #1, PageID.1-26; ECF #1, PageID.1-26).

In support of its argument that this racial discrimination and retaliation matter should be dismissed as a matter of law, State Farm relies upon a slew of procedurally and factually inapposite authority. First, the majority of cases State Farm relies upon were decided on summary judgement –

not at the pleading stage.[3]  Moreover, only *one* of the motion to dismiss cases cited by State Farm on this issue, *Lynn v. Western Gillette, Inc,* involved the E.E.O.C., and even then, the order dismissing the action was *overturned* on appeal. 564 F.2d 1282 (9th Cir. 1977).  None of the other motion to dismiss cases cited by State Farm involved the E.E.O.C.[4]  Even taking these patent procedural differences aside, the factual bases involved make State Farm's reliance on its authority misplaced and unpersuasive.

For instance, in *EEOC v. Dresser Industries, Inc.,* the court found the two-and-one-half year delay between the charge being filed and the defendant being served with the charge, as well as the seventeen-month delay between the failed reconciliation and the filing of the complaint, to constitute "unreasonable" delays. *Dresser Industries, Inc.,* 668 F.2d, at 1202-03.  Next, in *EEOC v. Liberty Loan,* the court cited to lengthy administrative delays such as the nineteen-months from the filing of the initial charge to when the formal investigation began and the fact that suit was not filed until almost one-year after reconciliation failed. *Liberty Loan,* 584 F.2d, at 857. In *EEOC v. Alioto Fish Co., Ltd.,* the court similarly pointed to E.E.O.C. delays such as the nine-months it took to notify the defendants of the aggrieved party's charge, fifteen-months to provide the defendant with a copy of the charge, and twenty-month delay between the failed reconciliation and the filing of plaintiff's complaint. *Alioto Fish Co., Ltd.,* 623 F.2d, at 87. Notably, *EEOC v. Star Tool and Die Works, Inc.,* undermines the entire basis of State Farm's laches argument as the court found that the four and one-half years delay between the

---

[3] *Cleveland Newspaper Guild, Loc. 1 v. Plain Dealer Pub. Co.,* 839 F.2d 1147 (6th Cir. 1988); *Finnerty v. Wireless Retail, Inc.,* 624 F. Supp. 2d 642 (E.D. Mich. 2009); *Wells v. U.S. Steel & Carnegie Pension Fund, Inc.,* 950 F.2d 1244 (6th Cir. 1991); *Jeffries v. Chicago Transit Auth.,* 770 F.2d 676 (7th Cir. 1985); *E.E.O.C v. Liberty Loan Corp.,* 584 F.2d 853 (8th Cir. 1978); *Cannon v. Univ. of Health Scis./The Chicago Med. Sch.,* 710 F.2d 351 (7th Cir. 1983); *E.E.O.C. v. Dresser Indus., Inc.,* 668 F.2d 1199 (11th Cir. 1982); *E.E.O.C. v. Alioto Fish Co.,* 623 F.2d 86 (9th Cir. 1980); *E.E.O.C. v. Massey-Ferguson, Inc.,* 622 F.2d 271 (7th Cir. 1980); *E.E.O.C. v. Star Tool & Die Works, Inc.,* 699 F. Supp. 120 (E.D. Mich. 1987); *Gifford v. Atchison, Topeka & Santa Fe Ry. Co.,* 685 F.2d 1149 (9th Cir. 1982)

[4] *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542 (6th Cir. 2012); *Reid v. Baker,* 499 F. App'x 520 (6th Cir. 2012); *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516 (6th Cir. 2008); *Morgan v. Church's Fried Chicken,* 829 F.2d 10 (6th Cir. 1987); *LRL Properties v. Portage Metro Hous. Auth.,* 55 F.3d 1097 (6th Cir. 1995).

filing of the original charges and the failed conciliation, in of itself, was *not* unreasonable. *Star Tool and Die Works, Inc,* 699 F. Supp., at 122. Rather, the court relied upon the twenty-one-month delay between failed conciliation and preparing a memorandum showing why the case warrants litigation, coupled with the over one-and-one-half-year delay to review the memo and file the complaint, as its basis for finding inexcusable and unreasonable delay. *Id.* In *Jeffries v. Chicago Transit Authority*, plaintiff took no action for at least nine years, and even still, only applied the doctrine of laches after considering plaintiff's affidavit at summary judgement which stated that he had "done nothing to prod the EEOC to resolve his charge." *Jeffries,* 770 F.2d, at 680-82.

The facts of Dr. Campbell-Jackson's E.E.O.C. investigation are clearly distinguishable from the cases cited by State Farm. As noted above, the most pertinent delay that courts are concerned with when evaluating an E.E.O.C. related laches defense is "the time that elapsed between the end of the E.E.O.C.'s conciliation efforts … and the filing of the suit." *Watkins Motor Lines, Inc.*, 463 F.3d, at 439. Here, Dr. Campbell-Jackson received notice of the E.E.O.C.'s failed reconciliation on June 11, 2021; she proactively requested the right to sue on August 30, 2021; she received the right to sue on September 16, 2021; and she then timely filed suit on December 9, 2021 – less than six-months after the E.E.O.C.'s failed reconciliation efforts.

*Fowler v. Blue Bell, Inc.,* is instructive on this issue. 596 F.2d 1276 (5th Cir. 1979). In *Fowler*, the defendant was notified of plaintiff's E.E.O.C. charge six-months after the charge was filed. *Id* at 1278. The E.E.O.C. then conducted a full investigation into plaintiff's charges, and approximately four-years after plaintiff's charge was filed, issued a finding of "reasonable cause." *Id.* Ten-months thereafter, a 90-day right to sue letter was issued and plaintiff filed suit about two-months later. *Id.* In *overturning* the lower court's granting of *summary judgement*, the appellate court noted the legislatively and judicially favored method of resolving Title VII claims is through the E.E.O.C. administrative process. *Id* at 1279. Therefore, the court in *Fowler* acknowledged claimants should not be penalized for awaiting the

end of the E.E.O.C. administrative process. *Id.* Further, when applying the doctrine of laches, the Court found that "although the doctrine of laches may be available in some cases to bar the E.E.O.C. from bringing suit, this arises only if the E.E.O.C. has delayed unreasonably *after it has completed conciliation efforts.*" *Id.* (*citing Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 373 (1977))(emphasis added).  Notably, the court in *Fowler* insisted it "can perceive no reason to require private plaintiffs to file suit before the EEOC completes conciliation efforts if the EEOC itself is not so constrained." *Fowler,* 596 F.2d, at 1279 .

    *E.E.O.C. v. Jacksonville Shipyards* is also instructive. *E.E.O.C. v. Jacksonville Shipyards*, 690 F. Supp. 995 (M.D. Fla. 1988). There, the E.E.O.C. filed suit approximately five and six-years after the aggrieved parties filed their E.E.O.C. charges which the court held was *not* inexcusable. *Id* at 999. In making this determination, the Court found that the E.E.O.C. promptly notified the defendant when the charges were filed, and that the E.E.O.C. exhibited a continued interest in the pursuit of the discrimination charges. *Id* at 1001. Similarly, here, State Farm was promptly notified of Dr. Campbell Jackson's charge within one-month of the filing of her Charge. (ECF #4-4, PageID.67-70). The E.E.O.C. then conducted an extensive and thorough investigation in which Dr. Campbell Jackson was actively involved and which culminated in a February 2021 determination that Dr. Campbell-Jackson (and a class of at least 10 other individuals – African Americans and Muslims) was harassed and retaliated against due to her race and for complaining about racial harassment. (Ex. 1).[5] On June 11, 2021, Dr. Campbell-Jackson was notified of the E.E.O.C.'s failed conciliation efforts and shortly thereafter on August 30, 2021 she requested the Right to Sue which she received on September 16, 2021 and then timely filed suit on December 9, 2021. (Ex. 2; ECF #4-5, PageID.72; ECF #1, PageID.1-26).

---

[5] **Notably,** State Farm was also participating in the investigation by compiling and producing tens of thousands of documents and producing employees for EEOC interviews.

Given this undisputed timeline, State Farm cannot deny that they were aware of Dr. Campbell Jackson's claims within one month of her Charge being filed, and in turn, cannot credibly claim material prejudice.

### 2.  State Farm was not materially prejudiced in defending this action.

When determining whether to apply the doctrine of laches, courts have noted "laches is not a doctrine concerned solely with time, [r]ather, it is primarily concerned with prejudice." *In re Beaty*, 306 F.3d 914, 924 (9th Cir. 2002). In proving material prejudice, courts note "conclusory statements that there are missing witnesses, that witnesses' memories have lessened, and that there is missing documentary evidence, are not sufficient." *Id* at 928 (quoting *Meyers v. Asics Corp.*, 974 F.2d 1304, 1308 (Fed. Cir. 1992)). Further, courts have held "a defendant's failure to preserve evidence upon prompt notice of a pending claim from the E.E.O.C. should not be held against the Commission." *E.E.O.C. v. Overnite Transp. Co.*, No. 2:02CV591, 2006 WL 2594479 (S.D. Ohio July 5, 2006); *E.E.O.C. v. Autozone, Inc,* 258 F.Supp.2d 822, 828-29 (W.D.Tenn.2003) (citing *Howard v. Roadway Express, Inc.*, 726 F.2d 1529, 1533 (11th Cir. 1984) (holding that the defendant was not prejudiced because it had prompt notice and "could have maintained its records and taken testimony of key employees in anticipation of ensuing litigation.")). Importantly, the issue of whether a defendant has been prejudiced by unreasonable delay is generally a question of fact. *Massey-Ferguson, Inc.*, 622 F.2d, at 280-81 (overturning the lower court's *summary judgment* ruling and finding that defendant had access to the relevant documents and witnesses which created genuine issues of material fact regarding the defendant's alleged prejudice); *E.E.O.C. v. Worthington, Moore & Jacobs, Inc.*,  582 F. Supp. 2d 731, 737 (D. Md. 2008) ("[a]ny finding of prejudice that the [d]efendant may have suffered as a result of plaintiff's delay is a matter best reserved for resolution at trial"); *E.E.O.C. v. American National Bank*, 574 F.2d 1173, 1176 (4th Cir. 1978) (finding that any determination that "the [plaintiff's] delays caused prejudice … can best be considered after the facts have been fully developed").

Here, State Farm relies on the same type of conclusory statements in asserting its purported prejudice that courts consider insufficient. *E.E.O.C. v. Jacksonville Shipyards, Inc.,* is again instructive on this point.  690 F. Supp. 995 (M.D. Fla. 1988). In ruling that the five-to-six-year E.E.O.C. delay did *not* result in any prejudice to the defendant, the court noted "[i]n this case E.E.O.C. promptly informed defendant of the pending charges of discrimination." *Id.* at 1000. In contrast, prejudice has been found when significant delays existed between the filing of the charge and the provision of notice of the charge to the affected employer." *Id.*[6] The Court further reasoned that "prompt notice alerted defendant to the possibility of an enforcement suit and gave it an opportunity to gather and preserve evidence in anticipation of court action." *Id.* Namely, the court stated that defendant could have maintained its records and taken testimony of key witnesses in anticipation of ensuing litigation. *Id.* at 1000-01. As such, "any prejudice asserted by defendant which is attributed to destroyed records or lapsed memories, then, may not be attributed to [the] EEOC's delay." *Id* at 1001.

Here, State Farm has not been prejudiced at all, let alone materially prejudiced, in its ability to defend this action as Dr. Campbell-Jackson's E.E.O.C. Charge was filed on May 18, 2016, included allegations of racial discrimination and harassment, and Defendant State Farm provided a written Position Statement on June 13, 2016 – less than one month after Dr. Campbell-Jackson's Charge was filed. (ECF #4-2, PageID.62, ECF #4-4, PageID.67-70). As such, State Farm was certainly apprised of Dr. Campbell-Jackson's discrimination and retaliation allegations and the potential for future litigation by June 13, 2016. Thus, "any prejudice asserted by defendant which is attributed to destroyed records or lapsed memories, then, may not be attributed to [the] EEOC's delay," and State Farm only has itself to blame. *Jacksonville Shipyards, Inc.,* 690 F. Supp. at 1001; *Watkins Motor Lines, Inc.,* 463 F.3d at 440 (finding the defendant failed to establish that the cause of the loss of documents was the

---

[6] It is worth noting that in reaching its decision, the *Jacksonville Shipyards, Inc.,* court distinguished many of the same cases Defendant cites to here by noting the lack of delay between the filing of the charge and notice being provided to defendant.

EEOC's delay in filing suit); *Howard.*, 726 F.2d, at 1534 (finding that once a defendant is notified of an E.E.O.C. enforcement action, the company should preserve its records as a party "cannot assert the defense of laches merely because it has failed to preserve evidence despite knowledge of a pending claim").

Thus, State Farm has not been materially prejudiced in defending this action, and their motion to dismiss must be denied.

### C.  Defendant misconstrues Plaintiff's reference to § 1981

Plaintiff has not alleged an independent § 1981 cause of action as Defendant suggests. (ECF #4, PageID.55-56). Rather Plaintiff cites to 42 U.S.C § 1981a as part of her computation of damages under her Title VII causes of action (ECF #1 ¶¶ 83, 93, PageID.17, 18-19,). Under 42 U.S.C § 1981a(a)(1):

> a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e–5, 2000e–16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. 2000e–2, 2000e–3, 2000e–16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

Here, Plaintiff properly alleges violations of 42 U.S.C. 2000(e) for which § 1981 provides rights of recovery. (ECF #1 ¶¶ 68-93, PageID.15-19). Because Plaintiff's 42 U.S.C. 2000(e)'s claims are proper and timely (as set forth above), Plaintiff's request for relief under § 1981 are also proper and timely.

### D.  Plaintiff's ELCRA Claims

Defendant's arguments regarding the ELCRA claims are well taken.

***

WHEREFORE, for the reasons set forth above, Plaintiff requests that Defendant's Motion to Dismiss Counts I and II be denied.

14

Dated: March 18, 2022                    Respectfully submitted,

                                         /s/ Robert J. McLaughlin, Esq.
                                         *One of Attorneys for Plaintiff*


Robert J. McLaughlin, Esq.
Steven A. Hart, Esq.
Carter D. Grant, Esq.
Y'Noka Y. Bass, Esq.
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel:     (312) 955-0545
Fax:     (312) 971-9243
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com

Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the text of Plaintiff's Brief in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, as counted by Microsoft Word, consists of 4,972 words including heading, footnotes, citations, and quotations (but excluding the case caption, cover page, table of contents, table of authorities, the signature block, this certificate of compliance, certificate of service, and exhibits) and complies with the requirements of Local Civil Rule 7.2(b)(i) and (ii) of the Unites States District Court for the Western District of Michigan.

As permitted by Local Civil Rule 7.2(b)(ii), the undersigned has relied upon the word count feature of this word processing system in preparing this Certificate of Compliance.

Dated: March 18, 2022                     Respectfully submitted,

                                          /s/ <u>Robert J. McLaughlin, Esq.</u>
                                          *One of Attorneys for Plaintiff*

Robert J. McLaughlin, Esq.
Steven A. Hart, Esq.
Carter D. Grant, Esq.
Y'Noka Y. Bass, Esq.
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel:    (312) 955-0545
Fax:    (312) 971-9243
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com

Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's e-filing system, which will send a notification of such filing to all counsel of record.

/s/ Robert J. McLaughlin, Esq.
*One of Attorneys for Plaintiff*

Robert J. McLaughlin, Esq.
Steven A. Hart, Esq.
Carter D. Grant, Esq.
Y'Noka Y. Bass, Esq.
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel:     (312) 955-0545
Fax:     (312) 971-9243
FIRM ID: 59648
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com

Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com